UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

*Plaintiff,*　　　　　　　　　　　Case No.  15-20201
　　　　　　　　　　　　　　　　　　Hon.  Marianne O. Battani

vs

**D-7: GINO ANTONIO SOLOMON**, **JR**.

*Defendant.*
_____

| **Assistant U.S. Attorney** | **Defense Counsel (Appointed)** |
|---|---|
| A. TARE WIGOD | JEROME SABBOTA |
| Assistant U.S. Attorney | Attorney for Defendant |
| 211 West Fort Street | 26862 Woodward Avenue, Suite 200 |
| Suite 2001 | Royal Oak, Michigan 48067 |
| Detroit, Michigan 48226 | (248) 543-8000 |
| (313) 226-9191 | contact@ribitwersabbota.com |
| tare.wigod@usdoj.gov | |

_____

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

　　In accordance with the Rule 11 Plea Agreement, Gino Antonio Solomon, Jr., pled guilty to Count One of the Second Superseding Indictment.  This Indictment charged a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d).  The maximum term of imprisonment Gino Solomon faces is life.  A period of supervised

1

release can be imposed of up to five years. A maximum fine can be imposed of $250,000.00.

The Rule 11 Plea Agreement provides that the parties have agreed that the advisory guideline range is 360 months to life. The parties have also agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), that the sentence of imprisonment in Gino Solomon's case, may not exceed 384 months, i.e., 32 years, and may not be less than 300 months, i.e., 25 years. Should this Court accept the Rule 11 Plea Agreement, Count Four, Carjacking, in violation of 18 U.S.C. §§ 2119(1) and (2), Count Five, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2, Count Six, Carjacking, in violation of 18 U.S.C. §§ 2119(1) and (2) and Count Seven, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2 will be dismissed by the Government.

Sentencing is scheduled for January 10, 2017 at 2:30 p.m.

Gino Solomon respectfully submits this Sentencing Memorandum. Gino Solomon requests this Court impose a sentence of 300 months, i.e., 25 years, which is sufficient, but not greater than necessary to comply with the mandate of 18 U.S.C. § 3553(a).

**Advisory Sentence Guideline Range**

As indicated in the Rule 11 Plea Agreement, the advisory guideline range agreed to and contemplated by the parties is 360 to life. The Probation Department has determined that the parties' calculation is correct. See PSI, ¶77.

**Legal Principles**

In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court held that the provisions of the Federal Sentencing Reform Act of 1984 are no longer mandatory and are "merely advisory." Thus, a district court must impose "a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." *See United States v. Foreman*, 436 F.3d 638, at 642-643 (6th Cir. 2006).

**18 U.S.C. §3553**

Title 18 U.S.C. § 3553(a) provides:

The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in (2) of this subsection. In determining the particular sentence to be imposed, the Court shall consider the following factors. These factors will be analyzed seriatim as applied to Gino Solomon.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Gino Solomon pled guilty to Count One of the Second Superseding Indictment. This Indictment charged him with Racketeering Conspiracy. The factual basis for the plea was that Gino Solomon was a member of Related Through Money, a criminal street gang. As a member of the gang, he committed multiple acts of violence, all occurring on June 5, 2013. That during a three hour period on June 5, 2013, Gino Solomon and his accomplices committed two acts of carjacking and attempted to rob a third individual. While attempting to rob that third individual, a struggle ensued. That individual was armed with a firearm. During the course of the struggle, that individual was shot and killed.

It goes without saying, that the conduct Mr. Solomon was associated with and engaged in on June 5, 2013, was reprehensible and serious. The conduct created a risk of serious injury to the three individuals, that risk resulted in the death of the third individual. It occurred when that individual resisted and was armed with a gun. It was not planned, contemplated or foreseen by Mr. Solomon and his associates. At the time of the event, Mr. Solomon was 16 years old.

Mr. Solomon's upbringing was the catalyst for his behavior. It is said that it takes a village to raise a child. As applied to Mr. Solomon, there was no village.

Since his birth, he has been by himself, and alone.

Gino Solomon was born on September 8, 1996. He is 20 years old. At the time of his birth, his parents were not married and his mother was addicted to crack cocaine. Until the age of 8 or 9 or 10, he resided with his mother. She was both physically and emotionally abusive. Child Protective Services did visit the family on many occasions, but never took any action. His mother decided she did not want him. She terminated her rights and send him to live with his father.

Mr. Solomon's father, Gino Solomon, Sr., lived in a tough neighborhood in southwest Detroit. He had a home improvement business. In reality he was a drug dealer. Mr. Solomon, Sr. is currently serving a 72 month period of incarceration in the Federal Correctional Institution in Loretto, Pennsylvania. He has an outdate of September 29, 2017. Gino has not had any contact with his father since 2013 when he was called as a witness by his father and testified before this Court as to the weapons which were found during the search of his father's residence. At the time Gino Solomon was in custody in the juvenile system. His last contact with his mother was roughly in late 2013 and/or early 2014.

At the age of 12, while living with his father, Gino Solomon and his best friend, took his father's handgun. They were playing with that gun when it went off and his best friend was killed. His friend's death had a tremendous and lasting impact

5

on him. He was placed in the juvenile system and diagnosed with Post Traumatic Stress Disorder related to that death. He remained within the jurisdiction of the juvenile system from the ages of 12 to 17. He was at various placements. He would be released on weekends to his grandmother's house. When he was released to her house, he was on his own. He had no support, guidance or supervision. He was simply released to stay with his grandmother because there was nobody else he could be released to. It was during the time of one of those releases in June 2013, that crimes Gino Solomon admitted to occurred.

While within the jurisdiction of the juvenile court, Gino Solomon was not provided any vocational and/or educational training which would provide him the tools necessary to succeed independently once released.

At the age of 17, he was released from placement. He had to fend for himself. He had no visible means of support. He was subsequently arrested with a weapon and three bags of marijuana. Subsequent to that arrest, he was arrested for Receiving and Concealing Stolen Property. For both of those offenses, he was incarcerated in the state prison system. These offense occurred in 2013, i.e., October and November, respectively. He has completed both of those sentences. He now faces a significant period of incarceration should this Court accept the Rule 11 Plea Agreement.

It is clear that Gino Solomon is an individual that has suffered a tremendous amount of trauma. He is the product of a neglectful background. He was been required to take care of himself since the age of 10. He once believed that the most influential person in his life was his father, a drug dealer. Gino Solomon does not want to follow that path. He does not want to spend the rest of his life in prison. He wants to become a productive member of society.

**To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

The sentencing range agreed to between the parties does reflect the seriousness of the offense, promotes respect for the law and does provide just punishment. The parties have agreed that the sentence of imprisonment may not exceed 384 months, i.e., 32 years and may not be less than 300 months, i.e., 25 years. Mr. Solomon is 20 years of age. A sentence within that range is one-half of his life. It would also will be accompanied by a period of supervised release, which can be up to five years. This is a significant period of incarceration. It demonstrates to the public that one that engages in the activity Mr. Solomon engaged in, will spend at least half of their life in the prison system and be monitored by this Court.

**To afford adequate deterrence to criminal conduct**

Again, a sentence of imprisonment as contemplated the parties, provides adequate deterrence to criminal conduct for both defendant and society. It sends a message to the public this behavior will not be tolerated. It sends a message to the public that this conduct results in one's freedom being lost for a significant period of time. At a minimum, should the Court accept Mr. Solomon's request, he will be serving a period of 25 years, accompanied by a period of supervised release which can be up to five years. In short, a minimum of 30 years. That places him at the age of 50.

**To protect the public from further crimes of defendant**

Again, a term of incarceration as contemplated by the parties does provide that protection. Gino Solomon will be placed in the federal system. While he is being supervised in that system, the public is protected.

**Provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner**

Mr. Solomon was incarcerated in the juvenile system for approximately 4 ½ years. While in that system, he received no skills, no vocational training, no method or means which would enable to support himself. Though he went through various programs, the resulting effect was that he was released to his father and/or his

8

grandmother. Neither of those individuals provided any support and/or guidance.

Mr. Solomon is interested in culinary arts. He is also interested in plumbing. There are programs within the federal system that Mr. Solomon will avail himself of. Those programs will provide a skill for him and/or vocation. When released from whatever sentence this Court does impose, he will be monitored and have the skills necessary for him to support himself.

**The kinds of sentences of available**

The sentences available to this Court are one of imprisonment. The advisory guideline range is 360 months to life. The parties have agreed, should this Court accept the agreement, to a period of incarceration of not less than 300 months to no more than 384 months, i.e., no less than 25 years, no more than 32 years.

**The need for the sentence to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

On October 26, 2016, Deontay Quartz McDonald, Docket No: 15-cr-20201-6, in accordance with a Rule 11 Plea Agreement, pled guilty to the same conduct Mr. Solomon engaged in. He was one of the other individual's with Mr. Solomon. The sentence guideline range for Mr. McDonald Rule 11 Plea Agreement is 360 months to life. [Dkt. # 234]. The parties in that agreement, agreed that a sentence of imprisonment may not exceed 280 months, i.e., 24 years and may not be less that 220

9

months, i.e., 19 years. Mr. McDonald's sentencing is scheduled for February 7, 2017 at 2:30 p.m. before this Court. Mr. McDonald was also a juvenile at the time of these events.

**Conclusion**

Gino Solomon realizes he is at the crossroads of his life. This Court is going to impose a significant prison sentence. Gino Solomon realizes that some of the best years of his life, i.e., from at least the age of 20 to the age of 45, he will be incarcerated in the prison system, following by a period of supervised release. This has had a tremendous impact on Gino Solomon's psyche. He does not want the remainder of his life to be flushed down the toilet. He is prepared to accomplish what he can during the period of his incarceration. He is committed to obtaining skills which will allow him to be a productive member of society. Though he cannot take back what he has done, it is his desire, at sometime in the future, to give something back which will benefit the people around him.

As a result of the foregoing, it is Mr. Solomon's request that this Court determine that a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a), is the low end of the sentence agreement contemplated by the parties, i.e., 300 months, which is 25 years, accompanied by the maximum period of supervised release of five years. This sentence is significant

enough to comply with the purposes of 18 U.S.C. § 3553(a), as it will monitor your Defendant for the next 30 years at a minimum.

            Respectfully submitted,

            s/Jerome Sabbota
            RIBITWER & SABBOTA, LLP
            26862 Woodward Avenue, Unit 200
            Royal Oak, Michigan 48067
            (248) 543-8000
            contact@ribitwersabbota.com
            P25892

DATED:  January 3, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2017, I electronically filed the foregoing documents with the Clerk of the Court using the ECF System, which will send notification of such filing to the Assistant United States Attorney.

*/s/ Jerome Sabbota*
Jerome Sabbota
contact@ribitwersabbota.com