## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

                  *Plaintiff*,               Case No. 15-cr-20201-06
                                             Hon. Marianne O. Battani

v.

D-6 DEONTAY Q. McDONALD,

                  *Defendant.*

| **Assistant U.S. Attorney** | **Defense Counsel** |
|---|---|
| A. Tare Wigod | Maria P. Mannarino P39531 |
| 211 W. Fort Street, Suite 2001 | 431 Gratiot |
| Detroit, MI 48226 | Detroit, MI 48226 |
| 313-226-9191 | 248-761-7347 |
| tare.wigod@usdoj.gov | mmannarino@comcast.net |

## DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

In accordance to the Rule 11 Plea Agreement, Deontay McDonald, pled guilty to Count One of the Second Superseding Indictment. This Indictment charged a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). The maximum term of imprisonment Mr. McDonald faces is life. A period of prelease can be imposed of up to five years. A maximum fine can be imposed of $250,000.00.

The Rule 11 Plea Agreement provides that the parties have agreed that the advisory guideline range is 360 months to life. The parties have also agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), that the sentence of imprisonment may not exceed 288 months (24 years) and may not be less than 228 months (19 years).

Should this Court accept the Rule 11 Plea Agreement, the government will dismiss all remaining charges.

Sentencing is scheduled for February 7, 2017 at 2:30.

Mr. McDonald respectfully submits this Sentencing Memorandum and requests that this Court impose a sentence which is sufficient, but not greater than necessary to comply with the mandate of 18 U.S.C. § 3553(a).

## Advisory Sentence Guideline Range

As indicated in the Rule 11 Plea Agreement, the advisory guideline range agreed to and contemplated by the parties is 360 to life. The Probation Department has determined that the parties' calculation is correct. See PSI, ¶ 7.

## Legal Principals

In *United States v. Booker,* 543 U.S. 220 (2005), The Supreme Court held that the provisions of the Federal Sentencing Reform Act of 1984 are no longer mandatory and are "merely advisory". Thus, a district court must impose "a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." *See United States v. Foreman,* 436 F.3d 638, at 642-643 (6th Cir. 2006).

## 18 U.S.C. §3553

Title 18 U.S.C. § 3553(a) provides:

The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in (2) of this subsection. In determining the particular

sentence to be imposed, the Court shall consider the following factors. These factors will be analyzed as applied to Mr. McDonald.

## <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

Mr. McDonald pled guilty to Count One of the Second Superseding Indictment. This Indictment charged him with Racketeering Conspiracy. The factual basis for the plea was that in 2013, as a juvenile, Mr. McDonald was a member of Related Through Money ("RTM"), classified as a criminal street gang composed primarily of juveniles. As a member of RTM, he was involved in multiple acts of violence, all occurring on June 5, 2013. During a three-hour period on June 5, 2013, Mr. McDonald, and his accomplices were involved in committing two acts of carjacking and attempted to rob a third individual. While attempting to rob the third individual, a struggle ensued, where that individual was armed with a firearm. During the course of the struggle, that individual was shot and killed by an accomplice.

Needless to say, the conduct that Mr. McDonald was associated with and engaged in on June 5, 2013, was unacceptable and serious. The manner in which they all behaved created a risk of serious injury to all three individuals, and that risk resulted in the death of the third individual. It happened when the individual resisted and was armed with a gun. It was not premeditated, contemplated, or foreseen by Mr. McDonald. On that day, Mr. McDonald was only 17 years old. Mr. McDonald has demonstrated acceptance of responsibility.

Mr. McDonald was born on September 17, 1995 and currently is 21 years old. Mr. McDonald did not have the typical childhood. His mother, Dabrina McDonald, was only

17 years old and a single mother when she gave birth to Deontay. He had only sporadic contact with his biological father, Johnny Hall, and last saw him when he was 12 years old. While his mother has been the primary caretaker for Mr. McDonald, it was extremely difficult for his mother to provide the structure, discipline and guidance necessary to her son;  she has long suffered from a debilitating medical condition, as well as having the responsibility of other children to care for. Through much of his teen years, family support and structure was virtually nonexistent and Mr. McDonald sought support and acceptance among his peers, many who also struggled with similar lack of structure and family support.

Adding to his significant challenges, Mr. McDonald was very early diagnosed with both Bipolar disorder and ADHD.  He was prescribed medication; however, the medications had significant unpleasant side effects, which resulted in difficulties remaining compliant with the medication regime.  He lacked the guidance and support to develop strategies to cope with those challenges.

Mr. McDonald felt isolated and alone in his struggles, and in fact, he was.  He experienced bullying at school and in the neighborhood, and sought comfort and support in the only place available to him:  his peers who were facing similar struggles.

Mr. McDonald first came to the attention of the juvenile justice system in July, 2010, and at 14 he was placed in a residential juvenile center.  After his release, a month and a half later, he was returned to his mother, and placed on "intensive probation." However, his mother was still lacking the ability to provide any support or disciple, and he quickly was in violation of his probation for being "incorrigible."  Surprisingly, despite having been diagnosed with Bipolar disorder and ADHD, the Court then

determined he was no longer in need of support or supervision, and terminated all supervision and support services. Within three months – not surprisingly --  he was once again before the juvenile court, where it was alleged that he and co-defendant Meyer Thedford were arrested attempting to steal a car, unsuccessfully.  He was once again placed on probation, and once again, lacking support at home, very quickly was found in violation of his probation. In December, 2011, he was committed to a juvenile facility and spent the next year in custody.  In December, 2012, he was released to once again return to his mother, where once again he was offered very little support, guidance or services from the juvenile authorities.  His probation – and any oversight – was quickly terminated in March, 2013, and once again he was on his own.  Within months, the events which now bring him before this court, occurred.  Following the charged events (which occurred on June 5, 2013) in July, 2013, Mr. McDonald was arrested in yet another act of alleged gang-related conduct, charged and convicted as an adult in State Court, and has been in custody continuously since then.  He is currently serving a State Court sentence, imposed in November, 2013, of 2 years (for Felony Firearm), consecutive to a sentence of 3-15 for a charge of Robbery Not Armed.  His first out date on his State Court sentence is July 21, 2018.  Mr. McDonald has now been in custody almost continuously since he was 15 years old, except for a brief period of time (from January – July, 2013) when the charged events occurred.

Mr. McDonald does not want to spend the rest of his young adult life in prison. He truly would like to become a productive member of society.  He expresses the same hopes and dreams for the future shared by many young men.  He exhibits a growing awareness, insight and inevitable maturity shared by many as they reach adulthood.

Since his incarceration, he has developed a close, supportive relationship with his mother's current husband, his step-father, and regrets he did not seek out his guidance earlier.  He has reconnected with other family members and realizes that their support will be crucial in the coming years. Mr. McDonald hopes to one day give back to his community and share with other young men facing similar challenges, all he has learned, in hopes of sparing other young men the same fate he now faces.

**To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

The sentencing range agreed to between the parties does reflect the seriousness of the offense, promotes respect for the law and does provide just punishment. The parties have agreed that the sentence of imprisonment may not exceed 288 months, i.e., 24 years and may not be less than 228 months, i.e., 19 years. The sentence will also be accompanied by a period of supervised release, which can be up to 5 years. This is a significant period of incarceration. It demonstrates to the public that one that engages in such activity that Mr. McDonald engaged in, will spend much of their life in the prison system and be monitored by this Court.

Mr. McDonald requests that this Court order a sentence to run concurrently with his State sentence.  Pursuant to 18 USC 3584, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively…"  18 USC 3584(a).  District courts "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  District courts must consider the advisory recommendations of the Guidelines and any pertinent policy statements issued by the

Sentencing Commission.  18 USC 3553(a)(4) and (5).  The Guidelines state that the

sentencing judge should run the sentence "concurrently, partially concurrently, or

consecutively to the prior undischarged term of imprisonment to achieve a reasonable

punishment for the instant offense.  U.S.S.G. 5G1.3.  The application notes to this

subsection provide that a number of factors should be considered to "achieve a

reasonable incremental punishment for the instant offense and avoid unwarranted

disparity."  Those factors include the type and length of the prior sentence, the time

already served on the undischarged sentence and the time likely to be served before

release, and "any other circumstance relevant to the determination of an appropriate

sentence for the instant offense."  See U.S. v. Harmon, 607 F.3d 233 (6th Cir. 2010).

Defendant asserts that taking into consideration all relevant factors, this Court ought to

impose a sentence to run concurrent with the State sentence.


**To afford adequate deterrence to criminal conduct**

A sentence of imprisonment as contemplated by the parties, provides adequate

deterrence to criminal conduct for both the defendant and society. It sends a message to

the public that this behavior will not be tolerated. It also delivers a message to the public

that this conduct results in one's freedom being lost for a significant amount of time.


**To protect the public from further crimes of defendant**

A term of incarceration as contemplated by the parties provides that protection.

Deontay McDonald is currently serving a State Court sentence.  Following his release

from his State Court sentence, he will be placed in the federal system. While he is being supervised in that system, the public is protected.

**Provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner**

Mr. McDonald was in and out of the juvenile system for the majority of his life. While in the system, he received no skills, no vocational training, no method or means, which would enable him to support himself. He participated in programs that the juvenile system provided, however, when he was released to his mother, no additional guidance was provided.

Mr. McDonald has always been interested in obtaining his General Education Development certificate and obtaining formal education in culinary arts or architecture. There are programs within the federal system that Mr. McDonald will avail himself of. These programs will provide a skill for him and/or vocation. When released from whatever sentence this Court imposes, Mr. McDonald will be monitored and have the skills necessary for him to support himself.

As previously stated, Mr. McDonald has been medically diagnosed with Bipolar disorder and ADHD. While in the juvenile system, and during his time spent at the Michigan Department of Corrections, he received counseling services and was prescribed medication. He will require further medical services to address his issues.

**The kinds of sentences available**

The sentence available to this Court is one of imprisonment. The Probation Department advises a custodial term with an advisory guideline range from 360 months

to life. The parties have agreed, should this Court accept the agreement, to a period of incarceration of not less than 228 months (19 years) to no more than 288 months (24 years). Mr. McDonald is currently serving an undischarged term of incarceration within the State system. He is requesting that this court's sentence run concurrent with his State sentence.

Further, this Court also has the discretion to "credit" Mr. McDonald with the time already served on his State Court conviction against his Federal sentence, and order his sentence run concurrently with the full pre-existing sentence – i.e., retroactively concurrent. The issue of sentencing "credits" has been somewhat muddled by a number of seemingly inconsistent provisions of the United States Code and the Sentencing Guideline provisions, and case law. Mr. McDonald urges this Court to adopt the reasoning of the 3rd Circuit in U.S. v. Brannan, 74 F.3d 448 (3rd Cir. 1996) and Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), and subsequent cases, wherein the Court expressly ruled that sentencing Courts did indeed have the discretion to account for time served in similar situations. See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002, superceded on other grounds by USSG 5G1.3(c) app. note 3(E)(2003); 18 USC 3584; USSG 5G1.3(b)(c).

**The need for the sentence to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

There are several co-defendants that in accordance with a Rule 11 Plea Agreement, pled guilty to the same conduct that Mr. McDonald engaged in. For example, Meyer Thedford's sentence guideline range is 87 to 108 months or 135 to 168 months; Brandon Sims sentence guideline range is 78 to 97 months or 135 to 168 months; and

Brandon Owens was sentenced to 188 months.  Mr. McDonald has already been in custody continuously since July, 2013 (approximately 43 months) for related conduct. Quite frankly, the potential total punishment faced Mr. McDonald far exceeds all other defendants.

**Conclusion:**

Mr. McDonald respectfully requests that this Court take the above into account when fashioning a proper sentence for him. Mr. McDonald has an enormous amount of support from family and other loved ones in the community. He understands that he is at a crucial stage of his life. This Court is going to impose a significant prison sentence, and this realization has had a significant impact on Mr. McDonald and his family. He is prepared and willing to obtain the necessary skills, which will give him the opportunity to be a productive member of society. Though he cannot go back in time and erase what he did, he prays and wishes to one day be able to give back to society, especially within his community.

Mr. McDonald urges the court to impose a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ Maria Mannarino
Maria Mannarino, P39531
431 Gratiot
Detroit, Michigan 48226
248-761-7347

DATED: January 30, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2017 I electronically filed the foregoing

documents with the Clerk of the Court using the ECF system, which will send

notification of such filing to the Assistant United States Attorney.


*/s/ Maria Mannarino*
Maria Mannarino, P39531
mmannarino@comcast.net